1  Greg S. Martin (State Bar No. 294482)
   gmartin@jonesday.com
2  JONES DAY
   12265 El Camino Real
3  Suite 200
   San Diego, CA  92130.4096
4  Telephone:     +1.858.314.1200
   Facsimile:      +1.858.314.1150
5
6  Attorney for Defendant
   EXPERIAN INFORMATION SOLUTIONS, INC.
7
8              UNITED STATES DISTRICT COURT

9            NORTHERN DISTRICT OF CALIFORNIA

10                  OAKLAND DIVISION

11 LISA PADGETT,                        Case No. 4:16-cv-06346-SBA

12          Plaintiff,                  **EXPERIAN INFORMATION
                                        SOLUTIONS, INC.'S NOTICE OF
13     v.                               MOTION AND MOTION TO DISMISS
                                        PLAINTIFF'S COMPLAINT;
14 EXPERIAN INFORMATION SOLUTIONS,      MEMORANDUM OF POINTS AND
   INC., ET AL.,                        AUTHORITIES IN SUPPORT
15                                      THEREOF**
            Defendants.
16
                                        Date:  March 8, 2017
17                                      Time:  10:00 A.M.
                                        Courtroom:  210, 2nd Floor
18
                                        The Honorable Saundra Brown
19                                      Armstrong
20

21

22

23

24

25

26

27

28

# TABLE OF CONTENTS

**Page**

NOTICE OF MOTION ................................................................................................ 1

MEMORANDUM OF POINTS AND AUTHORITIES ........................................... 2

INTRODUCTION .................................................................................................... 2

FACTUAL ALLEGATIONS ................................................................................... 3

      A.    Plaintiff's Bankruptcy ................................................................. 3

      B.    Plaintiff's Dispute with Experian and Other CRAs ................... 4

ARGUMENT ............................................................................................................ 6

I.     LEGAL STANDARD ................................................................................... 6

II.    PLAINTIFF FAILS TO PLEAD INACCURACY ..................................... 6

III.   PLAINTIFF FAILS TO PLEAD DAMAGES.......................................... 10

      A.    *Plaintiff Fails to Plead Willfulness* ........................................ 10

      B.    *Plaintiff Fails to Plead Any Actual Damages* ....................... 10

IV.   PLAINTIFF'S ALLEGATIONS ABOUT EXPERIAN'S ACTIONS ARE WHOLLY CONCLUSORY ....................................................................... 12

V.    THE COURT SHOULD DISMISS THE COMPLAINT WITHOUT LEAVE TO AMEND ..................................................................................................... 13

1

## **TABLE OF AUTHORITIES**

*Abeyta v. Bank of Am.*,
2016 WL 1298109 (D. Nev. Mar. 31, 2016)................................................................4, 8

*Adkins v. Experian Info. Solutions, Inc.*,
2016 WL 6841700 (N.D. Cal. Oct. 7, 2016) .........................................................................7

*Ashcroft v. Iqbal*,
556 U.S. 662 (2009)....................................................................................................6, 11

*Bell Atl. Corp. v. Twombly*,
550 U.S. 544 (2007) .........................................................................................................6

*Biggs v. Experian Info. Solutions, Inc.*,
__ F. Supp. 3d __, 2016 WL 5235043 (N.D. Cal. Sept. 9, 2016) ...........................................7

*Blake v. Irwin Mortgage*,
2011 WL 98538 (D. Ariz. Jan. 12, 2011) ..........................................................................12

*Blakeney v. Experian Info. Solutions, Inc.*,
2016 WL 4270244 (N.D. Cal. Aug. 15, 2016).................................................................4, 7

*In re Blendheim*,
803 F.3d 477 (9th Cir. 2015) .............................................................................................4

*Campbell v. Experian Info. Solutions, Inc.*,
2009 U.S. Dist. LEXIS 106045 (W.D. Mo. Nov. 13, 2009)....................................................11

*Carvalho v. Equifax Info. Services, LLC*,
629 F.3d 876 (9th Cir. 2010)...........................................................................................6, 9

*Connors v. Experian Info. Solutions, Inc.*,
2017 WL 168493 (N.D. Cal. Jan. 17, 2017) ....................................................................7, 8

*Denison v. Citifinancial Servicing LLC*,
2016 WL 3443380 (N.D. Cal. June 23, 2016) ...................................................................13

*DeVincenzi v. Experian Info. Solutions, Inc.*,
2007 WL 86131 (N.D. Cal. Jan. 10, 2017) ..................................................................7, 8, 9

*In re Edgeworth*,
993 F.2d 51, 53 (5th Cir. 1993) .........................................................................................4

*Eller v. Experian Info. Solutions, Inc.*,
2011 U.S. Dist. LEXIS 85858 (D. Colo. May 17, 2011).......................................................12

*In re Flores*,
735 F.3d 855 (9th Cir. 2013)..........................................................................................3, 4

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

## TABLE OF AUTHORITIES
### Cont'd

2

Page

3

*Fuges v. Sw. Fin. Servs., Ltd.*,
  707 F.3d 241 (3d Cir. 2012)................................................................................10

4

5

*Gauci v. Citi Mortgage*,
  2011 WL 3652589 (C.D. Cal. Aug. 19, 2011) ....................................................10

6

*In re Giles*,
  502 B.R. 892 (Bankr. N.D. Ga. 2013) ..................................................................4

7

8

*Giovanni v. Bank of Am., Nat. Ass'n*,
  2012 WL 6599681 (N.D. Cal. Dec. 18, 2012)......................................................6

9

*Giovanni v. Bank of Am., Nat. Ass'n*,
  2013 WL 1663335 (N.D. Cal. Apr. 17, 2013)......................................................8

10

*Hamilton v. Lanning*,
  560 U.S. 505 (2010) ..............................................................................................3

11

12

*Helms v. Consumerinfo.com, Inc.*,
  436 F. Supp. 2d 1220 (N.D. Ala. 2005) ................................................................4

13

14

*Hupfauer v. CitiBank, N.A.*,
  2016 U.S. Dist. LEXIS 112227 (N.D. Ill. Aug. 19, 2016)...................................9

15

*Iyigun v. Cavalry Portfolio Servs., LLC*,
  2013 WL 950947 (C.D. Cal. Mar. 12, 2013) ......................................................12

16

17

*Jaras v. Experian Info. Solutions, Inc.*,
  2016 WL 7337540 (N.D. Cal. Dec. 19, 2016) ..................................................7, 8

18

*Jones v. Experian Info. Solutions, Inc.*,
  2012 WL 2905089 (E.D. Va. July 16, 2012)........................................................9

19

20

*Jordan v. Equifax Info. Servs.*,
  410 F. Supp. 2d 1349 (N.D. Ga. 2006) ...............................................................12

21

*Keller v. Experian Info. Solutions, Inc.*,
  2017 WL 130285 (N.D. Cal. Jan. 13, 2017) ..................................................7, 8, 9

22

23

*Landini v. FIA Card Servs., N.A.*,
  2014 WL 587520 (N.D. Cal. Feb. 14, 2014) ........................................................9

24

*Leff v. Bank of New York Mellon*,
  2015 WL 8664249 (D. Nev. Dec. 11, 2015)........................................................12

25

26

*Mestayer v. Experian Info. Solutions, Inc.*,
  2016 WL 631980 (N.D. Cal. Feb. 17, 2016) ........................................................7

27

28

1

## TABLE OF AUTHORITIES
### Cont'd

2

Page

3

4

*Mestayer v. Experian Info. Solutions, Inc.*,
   2016 WL 3383961 (N.D. Cal. June 20, 2016) ..................................................9

5

*Metzler Inv. GMBH v. Corinthian Colleges, Inc.*,
   540 F.3d 1049 (9th Cir. 2008)..................................................13

6

7

*Mortimer v. Bank of Am., N.A.*,
   2013 WL 57856 (N.D. Cal. Jan. 3, 2013) ..................................................8

8

*Mortimer v. Bank of Am., N.A.*,
   2013 WL 1501452 (N.D. Cal. Apr. 10, 2013) ..............................................8, 9

9

10

*Mortimer v. JP Morgan Chase*,
   2012 WL 3155563 (N.D. Cal. Aug. 2, 2012) ..................................................8

11

*Nissou-Rabban v. Capital One Bank (USA), N.A.*,
   2016 WL 4508241 (S.D. Cal. 2016) ..................................................9

12

13

*Noori v. Bank of Am.*,
   2016 U.S. Dist. LEXIS 76141 (C.D. Cal. May 26, 2016) ..................................................11

14

*In re O'Connell*,
   2008 WL 5046496 (Bankr. D. Ariz. Oct. 29, 2008) ..................................................4

15

16

*O'Connor v. Capital One, N.A.*,
   2014 WL 2215965 (N.D. Cal. May 29, 2014) ..................................................12

17

*Orozco v. Experian Info. Solutions*,
   2012 WL 2799681 (E.D. Cal. July 9, 2012) ..................................................12

18

19

*Reed v. Experian Info. Solutions, Inc.*,
   321 F. Supp. 2d 1109 (D. Minn. 2004) ..................................................11

20

*Riekki v. Bayview Fin. Loan Servicing*,
   2016 WL 4083216 (D. Nev. July 28, 2016) ..................................................6, 8

21

22

*Safeco Ins. Co. of Am. v. Burr*,
   551 U.S. 47 (2007) ..................................................10

23

*Sheridan v. FIA Card Servs., N.A.*,
   2014 WL 587739 (N.D. Cal. Feb. 14, 2014) ..................................................8, 9

24

25

*Spokeo, Inc. v. Robins*,
   136 S. Ct. 1540 (2016) ..................................................11

26

*Syed v. M-I LLC*,
   2014 WL 5426862 (E.D. Cal. Oct. 23, 2014) ..................................................10

27

28

## TABLE OF AUTHORITIES
### Cont'd

**Page**

STATUTES

11 U.S.C. § 1325(b)(4)....................................................................................4

11 U.S.C. § 1326(a)(2)....................................................................................4

11 U.S.C. § 1328(a) ........................................................................................4

15 U.S.C. § 1681i ............................................................................................6

15 U.S.C. § 1681n ..........................................................................................10

15 U.S.C. § 1681o ..........................................................................................11


RULES

FED. R. CIV. P. 12(b)(6)..................................................................................6

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**NOTICE OF MOTION**

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE THAT on March 8, 2017 at 10:00 A.M. in Courtroom 210, 2nd Floor of the above Court, located at 1301 Clay St., Oakland, California, the Honorable Saundra Brown Armstrong presiding, defendant Experian Information Solutions, Inc. ("Experian"), will and hereby does move this Court for an Order, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, dismissing the claim against it.

The motion is made on the grounds that Plaintiff fails to state facts sufficient to constitute a cause of action against Experian under the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq.* ("FCRA").

The Motion is based upon this Notice of Motion and Motion, the Memorandum of Points and Authorities in Support of the Motion, all of the papers on file in this action, and upon such other and further evidence or argument that the Court may consider.

DATED:  February 1, 2017                  JONES DAY

                                         By: */s/ Greg S. Martin*
                                             Greg S. Martin

                                         Attorneys for Defendant,
                                         EXPERIAN INFORMATION SOLUTIONS, INC.

1

**MEMORANDUM OF POINTS AND AUTHORITIES**

2

**INTRODUCTION**

3

Plaintiff's Complaint is one of approximately 170 nearly identical, formulaic, and

4

conclusory complaints filed in this district by the same law firm.[1]  Plaintiff's Complaint, like the

5

others, asserts a theory of liability under the Fair Credit Reporting Act ("FCRA") that courts in

6

this Circuit have repeatedly rejected.  The gravamen of the Complaint is that Defendant Experian

7

Information Solutions, Inc.'s ("Experian") reporting of adverse information about Plaintiff's

8

credit accounts was inaccurate merely because she was in Chapter 13 bankruptcy.  Plaintiff does

9

not allege that she had in fact timely paid these accounts, or that this information was factually

10

incorrect.  Moreover, Plaintiff does not allege that the adverse information was reported by

11

*Experian*, rather than one or both of the other Consumer Reporting Agencies ("CRAs").  Nor has

12

she managed to assert any factual allegations showing that she incurred any damage due to the

13

inclusion of the information in her report.  Thus, Plaintiff's conclusory complaint should be

14

dismissed for three independent reasons.

15

*First,* Plaintiff's Complaint fails to plead that Experian's credit reporting was inaccurate.

16

While Plaintiff alleges that she ordered a "three bureau" report from Experian, she does not allege

17

that Experian reported the purportedly inaccurate information in that document.  And, in any case,

18

courts in this Circuit have repeatedly held that filing for bankruptcy does not make it inaccurate to

19

report past due debts.  A pending bankruptcy prevents a creditor from attempting to *collect* a debt,

20

[1] A small sampling includes:  *Rodriguez v. Experian*, Docket No. 5:16-cv-04668 (N.D. Cal. Aug. 12, 2016); *Mera v. Experian*, No. 5:16-cv-04667 (N.D. Cal. Aug. 12, 2016);  *Kinstle v. Experian*, No. 5:16-cv-04666 (N.D. Cal. Aug. 12, 2016); *Denton v. Experian*, No. 5:16-cv-04665 (N.D. Cal. Aug. 12, 2016); *Denton v. Experian*, No. 5:16-cv-04664 (N.D. Cal. Aug. 12, 2016); *Connors v. Experian*, No. 5:16-cv-04663 (N.D. Cal. Aug. 12, 2016); *Concepcion v. Experian*, Docket No. 5:16-cv-04662 (N.D. Cal. Aug. 12, 2016); *Conrad v. Experian*, Docket No. 5:16-cv-04660 (N.D. Cal. Aug. 12, 2016); *Smith v. Experian*, No. 5:16-cv-04651 (N.D. Cal. Aug. 12, 2016); *Sanders v. Experian*, No. 5:16-cv-04650 (N.D. Cal. Aug. 12, 2016); *Lugo v. Experian*, No. 5:16-cv-04647 (N.D. Cal. Aug. 12, 2016); *Mason v. Experian*, No. 5:16-cv-03353-BLF (N.D. Cal. June 15, 2016); *Torres v. Experian*, No. 5:16-cv-03342-EJD (N.D. Cal. June 15, 2016); *Argo v. Experian*, No. 5:16-cv-03321-EJD (N.D. Cal. June 15, 2016); *Harris v. Experian*, No. 5:16-cv-02162-BLF (N.D. Cal. Apr. 22, 2016); *Schweitzer v. Experian*, No. 5:16-cv-02167-BLF (N.D. Cal. Apr. 22, 2016); *Llamas v. Experian*, No. 5:16-cv-02164-EJD (N.D. Cal. Apr. 22, 2016); *Alexander v. Experian*, No. 5:16-cv-02157-BLF (N.D. Cal. Apr. 22, 2016); *Biggs v. Experian*, No. 5:16-cv-01507-EJD (N.D. Cal. Mar. 28, 2016); *Biggs v. Experian*, No. 5:16-cv-01506-EJD (N.D. Cal. Mar. 28, 2016); *Potter v. Experian*, No. 5:16-cv-01498-RMW (N.D. Cal. Mar. 28, 2016); *Garcia v. Experian*, No. 5:16-cv-01385-LHK (N.D. Cal. Mar. 28, 2016).

21

22

23

24

25

26

27

28

1   but it does not extinguish the debt or change the fact of the debtor's delinquency.  Plaintiff alleges

2   that that the reporting of her account did not follow "credit reporting industry standards."  But

3   courts have consistently held that such allegations do not establish that the reporting was

4   inaccurate, and none of Plaintiff's allegations show that the specific reporting of Plaintiff's

5   account was inaccurate or misleading.

6       *Second*, Plaintiff does not allege facts demonstrating that she is entitled to any remedy.  A

7   private plaintiff cannot obtain injunctive relief under the FCRA and Plaintiff fails to allege any

8   facts showing that she suffered any actual damages.  Nor can Plaintiff recover statutory damages.

9   Plaintiff cannot show that Experian violated the FCRA, much less than any violation was willful

10  as would be required to obtain statutory damages.

11      *Third*, Plaintiff's Complaint is devoid of factual allegations showing that any of

12  Experian's actions in responding to her dispute were improper.  Instead, it relies on bare

13  conclusory allegations that Experian's reinvestigation was not reasonable, or that it failed to

14  transmit unspecified "relevant" information to credit furnishers.

15      In short, Plaintiff fails to allege facts supporting a plausible claim against Experian, that

16  Experian reported inaccurate information, that Plaintiff suffered any harm or is entitled to any

17  remedy, or that any of Experian's actions were improper.  For these reasons, the Complaint

18  should be dismissed.  And that dismissal should be granted without leave to amend, since no

19  amendment could change the fact that it is accurate and lawful to report delinquent debts during

20  the pendency of bankruptcy proceedings.

21                              **FACTUAL ALLEGATIONS**

22      **A.    Plaintiff's Bankruptcy**

23      Plaintiff Lisa Padgett alleges that she filed for Chapter 13 bankruptcy on November 30,

24  2013.  Compl. ¶ 93.  Plaintiff alleges that her Chapter 13 repayment plan was confirmed on June

25  20, 2016.  *Id.* ¶ 100.  She does not allege that she has received a bankruptcy discharge.

26      In Chapter 13 bankruptcy, a debtor with a regular income "agree[s] to a court-approved

27  plan under which they pay creditors out of their future income."  *In re Flores*, 735 F.3d 855, 857

28  (9th Cir. 2013) (quoting *Hamilton v. Lanning*, 560 U.S. 505, 508 (2010)).  The debtor submits a

repayment "plan," typically lasting three to five years, during which time the debtor makes payments to his creditors out of his income. *Id*. at 857 (citing 11 U.S.C. § 1325(b)(4)). After the bankruptcy court approves the repayment plan, a bankruptcy trustee oversees its execution and distributes the debtor's payments to the creditors in accordance with the plan's terms. *Lanning*, 560 U.S. at 508; 11 U.S.C. § 1326(a)(2).

"Confirmation of [a] Chapter 13 bankruptcy plan is not equivalent to discharge of [a debtor's] debts," which does not occur "until Plaintiff has completed all payments provided for under the Chapter 13 bankruptcy plan." *Blakeney v. Experian Info. Solutions, Inc.*, 2016 WL 4270244, at *6 (N.D. Cal. Aug. 15, 2016). "Many debtors, however, fail to complete a Chapter 13 plan successfully, often because they cannot make payments on time. Recognizing this, the Bankruptcy Code permits debtors who fail to complete their plans to convert their Chapter 13 case to a case under a different chapter, or dismiss their case entirely." *In re Blendheim*, 803 F.3d 477, 487 (9th Cir. 2015). In the event a plan is dismissed, it "returns to the creditor all the property rights he held at the commencement of the Chapter 13 proceeding and renders him free to exercise any nonbankruptcy collection remedies available to him." *Id*. If the debtor completes all payments under the plan, the debtor is granted a discharge of the debts. 11 U.S.C. § 1328(a).[2]

## B.   Plaintiff's Dispute with Experian and Other CRAs

Plaintiff alleges that she ordered a three-bureau credit report from Experian on March 31, 2016. Compl. ¶ 111. A three-bureau report compiles information from each of the three principal credit-reporting agencies. *Helms v. Consumerinfo.com, Inc.*, 436 F. Supp. 2d 1220, 1224 (N.D. Ala. 2005). Plaintiff alleges that the report, which contained negative information about her payment history on five accounts, was "inaccurate, misleading, or incomplete." Compl.

---

[2] Like confirmation of the repayment plan, a bankruptcy discharge in Chapter 13 and other forms of bankruptcy does not extinguish the existence of a particular debt, but rather enjoins creditors from attempting to collect that debt. "A discharge does not 'pay off' a prior debt, nor change the historic fact of an unpaid debt," nor "change an unpaid debt into a 'paid' one." *In re O'Connell*, 2008 WL 5046496, at *1 (Bankr. D. Ariz. Oct. 29, 2008); *see also In re Giles*, 502 B.R. 892, 904 (Bankr. N.D. Ga. 2013) ("[A] 'discharge in bankruptcy does not extinguish the debt itself, but merely releases the debtor from personal liability for the debt.'" (quoting *In re Edgeworth*, 993 F.2d 51, 53 (5th Cir. 1993)); *Abeyta v. Bank of Am*., 2016 WL 1298109, at *2 (D. Nev. Mar. 31, 2016) ("[T]he Bankruptcy Code prevents certain collection activities, but it does not alter the fact of delinquency.").

¶ 112.  Plaintiff lodged a dispute with Experian and other CRAs on July 22, 2016, claiming that these accounts were reporting inaccurately in light of her pending bankruptcy.  *Id.* ¶ 113.

Plaintiff pulled a second three-bureau report from Experian on August 31, 2016 and found that Defendant Monterey Financial Services, LLC was reporting an account with an outstanding balance owed, though "Defendant negligently failed to file a proof of claim" prior her repayment plan was confirmed.  *Id.* ¶¶ 116, 119.

Plaintiff does not allege that any of the purportedly inaccurate information in her three-bureau report was reported by Experian.  She alleges that "the most basic investigation" of her dispute required each CRA to send "all relevant information" to the furnishers, and she conclusorily alleges, "they did not do" this.  *Id.* ¶ 134.  But Plaintiff does not identify any "relevant information" that Experian purportedly failed to send to the furnishers.  On the contrary, elsewhere in the Complaint, Plaintiff alleges that "each CRA received Plaintiff's dispute letter and in response sent Plaintiff's dispute to each [data furnisher.]"  *Id.* ¶ 115.

In the alternative, Plaintiff alleges that Experian failed to perform a reasonable investigation of the accounts and failed to "suppress" inaccurately reported information.  *Id.* ¶ 140.  She does not identify specific errors that Experian should have "suppressed."  Instead, she alleges only that "[e]ach CRA would have known" that a "failure to report a CII given that a Chapter 13 proceeding was filed did not comport with industry standards" and that "a past due balance post confirmation does not comport with industry standards."  *Id.* ¶¶ 145-146.

Plaintiff does not allege that the historical balance information on her three-bureau report was inaccurate, that she did not incur the debts, or that she made timely or complete payments to discharge her debts.  Nor does she allege that Experian's reinvestigation could or would have uncovered any of the inaccuracies Plaintiff alleges in paragraph 119.  Plaintiff does not allege that she ever applied for credit, employment, or insurance; that she suffered any adverse decision regarding any such application; or that she incurred any other harm from the alleged inaccuracies on her three-bureau report.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**ARGUMENT**

**I.      Legal Standard**

To survive a motion to dismiss under FED. R. CIV. P. 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  Conclusory allegations—such as "'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action'"—are insufficient.  *Id.*  A complaint does not "suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'"  *Id.*  The legitimate, non-conclusory "[f]actual allegations" contained in the complaint "must be enough to raise a right to relief above the speculative level."  *Twombly*, 550 U.S. at 555.  "When the allegations in a complaint have not crossed the line from conceivable to plausible, plaintiff's claim must be dismissed."  *Riekki v. Bayview Fin. Loan Servicing*, 2016 WL 4083216, at *1 (D. Nev. July 28, 2016) (citing *Twombly*, 550 U.S. at 570).

**II.     Plaintiff Fails to Plead Inaccuracy**

Plaintiff's claim that Experian did not adequately reinvestigate her dispute must be dismissed because Plaintiff fails to plead either that Experian (as opposed to another CRA) reported the information at issue or that it was inaccurate.  *See Carvalho v. Equifax Info. Services, LLC*, 629 F.3d 876, 890 (9th Cir. 2010) (inaccuracy required for reinvestigation claim under 15 U.S.C. § 1681i against CRA); *accord Giovanni v. Bank of Am., Nat. Ass'n*, 2012 WL 6599681, at *4 (N.D. Cal. Dec. 18, 2012) ("If [the defendant] reported accurate information, then it did not violate the FCRA by refusing to change that information or report that [the plaintiff] disputed it.").

Plaintiff does not dispute that she incurred the debts at issue.  Nor does she allege that the reported balances, past due amounts, charge-off or collections status, or monthly payment information were inaccurate before she filed for bankruptcy.  *See* Compl. ¶ 119.  Rather, Plaintiff asserts that because Defendant did not file a proof of claim following her bankruptcy petition, she will be entitled to discharge her debts to Monterey Financial if she successfully completes her Chapter 13 plan (and it is not modified), Experian should report her accounts according to the

1   terms of that plan, instead of according to the accounts' face value.  She argues that Experian

2   should not report account delinquencies or an outstanding balance because "the confirmation

3   order is binding" and that any money owed to Monterey Financial Services will not be collected

4   if she successfully completes the Plan.  *Id.*  Plaintiff also alleges that her three-bureau report

5   "fail[ed] to report a CII" under Metro 2 guidelines despite the filing of a Chapter 13 bankruptcy

6   petition.  *Id.* ¶¶ 145-146.

7         Courts in this district have repeatedly rejected Plaintiff's arguments in cases involving

8   substantially identical pleadings brought by parties represented by Plaintiff's counsel.

9   "[A]lthough reporting delinquent payments may be misleading if the debts have been discharged

10  in bankruptcy, it is not misleading or inaccurate to report delinquent debts that have *not* been

11  discharged."  *DeVincenzi v. Experian Info. Solutions, Inc.*, 2017 WL 86131, at *6 (N.D. Cal. Jan.

12  10, 2017) (emphasis original) (internal quotations omitted).  "[T]he legal status of a debt does not

13  change until the debtor is discharged from bankruptcy."  *Id.* at *6.  "Confirmation of a payment

14  plan is not sufficient to alter the legal status of a debt, because if a debtor fails to comply with the

15  Chapter 13 plan, the debtor's bankruptcy petition can be dismissed, in which case the debt will be

16  owed as if no petition for bankruptcy was filed."  *Id.*  "In short, even if Plaintiff is correct that

17  Plaintiff's credit report did not reflect the terms of Plaintiff's Chapter 13 bankruptcy plan, this

18  would not be an inaccurate or misleading statement that could sustain a FCRA claim[.]"  *Id.*; *see*

19  *also, e.g.*, *Connors v. Experian Info. Solutions, Inc.*, 2017 WL 168493, at *3 (N.D. Cal. Jan. 17,

20  2017); *Keller v. Experian Info. Solutions, Inc.*, 2017 WL 130285, at *4 (N.D. Cal. Jan. 13, 2017);

21  *Jaras v. Experian Info. Solutions, Inc.*, 2016 WL 7337540, at *4 (N.D. Cal. Dec. 19, 2016);

22  *Blakeney v. Experian Info. Solutions, Inc.*, 2016 WL 4270244, at *5 (N.D. Cal. Aug. 15, 2016);

23  *Mestayer v. Experian Info. Solutions, Inc.*, 2016 WL 631980, at *3 (N.D. Cal. Feb. 17, 2016);

24  *Biggs v. Experian Info. Solutions, Inc.*, __ F. Supp. 3d __, 2016 WL 5235043, at *2 (N.D. Cal.

25  Sept. 9, 2016); *Adkins v. Experian Info. Solutions, Inc.*, 2016 WL 6841700, at *2-4 (N.D. Cal.

26  Oct. 7, 2016).

27        "[A]s a matter of law [] reporting a delinquent debt during the pendency of a bankruptcy

28  is not inaccurate or misleading," and claims alleging otherwise should be "dismissed with

1  prejudice." *DeVincenzi*, 2017 WL 86131, at *7; *see also Jaras*, 2016 WL 7337540, at *4;

2  *Connors*, 2017 WL 168493, at *5; *Keller*, 2017 WL 130285, at *8.[3]  Indeed, even after the debts

3  are discharged, "the FCRA does not prohibit the accurate reporting . . . of debts that were

4  delinquent during the pendency of the bankruptcy action.  Whether or not the debt was

5  collectible, *the debt existed*," so "[r]eporting this information is neither inaccurate nor

6  misleading."  *Mortimer v. Bank of Am., N.A.*, 2013 WL 57856, at *6 (N.D. Cal. Jan. 3, 2013)

7  (emphasis added).  Nor does such reporting violate the Bankruptcy Code's automatic stay

8  provision, which only "limits collection activities" and does not "bar reporting of late payments."

9  *Mortimer v. JP Morgan Chase Bank, Nat. Ass'n*, 2012 WL 3155563, at *3; *see also Mortimer v.*

10  *Bank of Am., N.A.*, 2013 WL 1501452, at *10 (N.D. Cal. Apr. 10, 2013) (collecting cases).

11  Simply put, "[b]ankruptcy does not prevent the reporting of a previous debt."  *Abeyta v. Bank of*

12  *Am., Nat'l Ass'n*, 2016 WL 1298109, at *2 (D. Nev. Jan. 25, 2016).[4]

13      "Plaintiff's invocation of 'industry standards' does not undermine this conclusion."

14  *DeVincenzi*, 2017 WL 86131, at *6.  As in *DeVincenzi*, Plaintiff alleges that Metro 2 guidelines

15  promulgated by the Consumer Data Industry Association ("CDIA") recommend reporting

16  specific CII notations and advise against reporting historical balances and past due amounts after

17  confirmation of a Chapter 13 plan.  *See* Compl. ¶¶ 79-86, 119, 145-147.  But "[s]everal courts in

18  this district have held that accurately reporting a delinquent debt during the pendency of a

19  ─────────────

20      [3] To the extent Plaintiff contends that confirmation of her Chapter 13 bankruptcy plan is a
final judgment that requires Experian to report the debts according to the terms of that plan , that

21  contention is meritless and has been directly rejected.  *See, e.g., Jaras*, 2016 WL 7337540, at *4
("[E]ven if a confirmation order constitutes a final judgment, it constitutes a final judgment only

22  as to 'the manner in which the debtor will discharge his financial obligations,' not the legal
validity of the debt.").

23      [4] *See also Riekki*, 2016 WL 4083216, at *2 ("[R]eporting agencies are entitled to report

24  debts for seven years after discharge, as entitled by the plain language of [the FCRA]"); *Sheridan
v. FIA Card Servs., N.A.*, 2014 WL 587739, at *5 (N.D. Cal. Feb. 14, 2014) ("[I]t was factually

25  accurate for [defendant] to report that [plaintiff's] accounts were past due during [plaintiff's
pending bankruptcy], and such reporting of historically accurate information does not later

26  become inaccurate under the FCRA when the debts are subsequently discharged through
bankruptcy."); *Giovanni v. Bank of Am., Nat. Ass'n*, 2013 WL 1663335, at *5 (N.D. Cal. Apr. 17,

27  2013) (holding that "reporting delinquent payments while [plaintiff's] bankruptcy petition was
pending" does not violate FCRA); *Mortimer v. JP Morgan Chase*, 2012 WL 3155563, at *3

28  ("[N]either the bankruptcy code nor the FCRA" prohibit "reporting of late payments while a
bankruptcy petition is pending.").

bankruptcy is not rendered unlawful simply because a Plaintiff alleges that the reporting, though accurate, was inconsistent with industry standards." *See DeVincenzi*, 2017 WL 86131, at *6; *Keller*, 2017 WL 130285, at *7; *see also Giovanni*, 2013 WL 1663335, at *6; *Mortimer v. Bank of America, N.A.*, 2013 WL 1501452, at *12; *Mestayer v. Experian Info. Solutions, Inc.*, Nos. 15-cv-03645-EMC, 15-cv-03650-EMC, 2016 WL 3383961, at *2 (N.D. Cal. June 20, 2016); *Sheridan*, 2014 WL 587739, at *5; *Jones v. Experian Info. Solutions, Inc.*, 2012 WL 2905089, at *4-5 (E.D. Va. July 16, 2012); *but see Nissou-Rabban v. Capital One Bank (USA), N.A.*, 2016 WL 4508241, at *5-6 (S.D. Cal. June 6, 2016), *distinguished by DeVincenzi*, 2017 WL 86131 at *6 ("*Nissou-Raban* does not endorse Plaintiff's argument that reporting a delinquent debt itself violates industry standards and is misleading or inaccurate.")

At bottom, Plaintiff's claim concerns the purported legal effect of her bankruptcy, not the factual veracity of the information on her three-bureau report. But the Ninth Circuit has held that reinvestigation claims are not the "proper vehicle" for a consumer to challenge the legal status of his or her debts. *See Carvalho v. Equifax Info. Servs., LLC*, 629 F.3d 876, 888 (9th Cir. 2010). A CRA "is a third party, lacking any direct relationship with the consumer," and "is not required as part of its reinvestigation duties to provide a legal opinion on the merits." *Id.* Moreover, Experian is not a party to Plaintiff's bankruptcy proceeding and it is not reasonable to require CRAs constantly to scour the dockets of all ongoing bankruptcy proceedings. *See Hupfauer v. CitiBank, N.A.*, 2016 U.S. Dist. LEXIS 112227, at *22-23 (N.D. Ill. Aug. 19, 2016) (dismissing claim because alleged inaccuracy that requires a third party to "scour" a bankruptcy file and make legal judgments about which debts are included "is precisely the kind of legal question that credit reporting agencies are neither qualified nor obligated to answer").

In sum, Plaintiff does not dispute that the accounts at issue belong to her and that she actually incurred the balances and past due amounts. Plaintiff's contention that Experian should not have reported the accounts' face values, but instead should have reported them according to the terms of her undischarged bankruptcy plan, has been unanimously rejected by more than half a dozen decisions in this district.

III.   **Plaintiff Fails to Plead Damages**

Plaintiff's Complaint must also be dismissed because she fails to allege facts showing that she is entitled to any remedy.  "[A] private party may not obtain injunctive relief under the FCRA," (*Gauci v. Citi Mortgage*, 2011 WL 3652589, at *3 (C.D. Cal. Aug. 19, 2011)), and Plaintiff fails to state a claim for damages.  She does not allege that Experian willfully violated the FCRA such that she may recover statutory damages, nor does she allege that she incurred any actual damages.

A.   ***Plaintiff Fails to Plead Willfulness***

To state a claim for statutory or punitive damages, Plaintiff must plead facts showing that Experian willfully violated the FCRA.  15 U.S.C. § 1681n.  This establishes a "safe harbor" protecting misreadings of the FCRA that are "objectively reasonable" and "could reasonably have found support in the courts." *Safeco Ins. Co. of America v. Burr*, 551 U.S. 47, 70 (2007). Conduct must be so plainly unlawful that it was "'objectively unreasonable' in light of 'legal rules that were '*clearly established*' at the time.'" *Fuges v. Sw. Fin. Servs., Ltd.*, 707 F.3d 241, 249 (3d Cir. 2012) (emphasis added).  Only "court of appeals" authority, "authoritative guidance" from the FTC, or statutory language that is "pellucid" can suffice to clearly establish an action as unlawful under the FCRA.  *Safeco*, 551 U.S. at 69-70.

As shown above, a raft of authority from this district holds that Experian's reporting was not inaccurate and did not violate the FCRA.  But even if Plaintiff could show convincing reasons for a contrary conclusion (and she cannot), the fact that Experian's conduct had been endorsed by numerous federal court decisions proves that it is not "objectively unreasonable."  Therefore, Plaintiff fails to plead willfulness, and may not recover statutory or punitive damages.  *See* 15 U.S.C. § 1681n; *see also, e.g.*, *Syed v. M-I LLC*, 2014 WL 5426862, at *4 (E.D. Cal. Oct. 23, 2014) (granting motion to dismiss where facts alleged do not show willfulness).

B.   ***Plaintiff Fails to Plead Any Actual Damages***

A plaintiff can recover for non-willful violations of the FCRA only by showing that she incurred "actual damages."  15 U.S.C. § 1681o; *Noori v. Bank of Am.*, 2016 U.S. Dist. LEXIS 76141, at *13-15 (C.D. Cal. May 26, 2016) (actual damages under the FCRA requires cognizable

1    proof that the erroneous information caused plaintiff harm).  But Plaintiff's conclusory allegations

2    fail to plausibly allege that she suffered any harm whatsoever.

3          In the section related to her state law claim against the furnishers—not against Defendant

4    Experian—Plaintiff asserts that she suffered an "inability to properly reorganize under Chapter

5    13" (whatever that means), spent time reviewing credit reports and sending dispute letters, and

6    has a "diminished credit score."  Compl. ¶ 157.  These allegations are wholly-conclusory and

7    devoid of any well-pled facts to support them.  *See Iqbal*, 556 U.S. at 678.[5]  Plaintiff provides no

8    facts explaining how Experian's alleged failure to reinvestigate the disputed information caused

9    her to be unable to reorganize.  Compl. ¶ 157.  Likewise, while the Complaint contains more than

10   a dozen paragraphs that purport to explain "FICO" scores generally (*see id*. ¶¶ 20-36), Plaintiff

11   does not identify her credit score before filing for bankruptcy, how her score changed after

12   bankruptcy, or how Experian's alleged actions "diminished" her credit score.[6]

13         Finally, Plaintiff's time spent reviewing her credit reports and sending dispute letters—

14   and any other pre-litigation costs—are not recoverable as damages under the FCRA.  *See*

15   *Campbell v. Experian Info. Solutions, Inc.*, 2009 U.S. Dist. LEXIS 106045, at *20-21 (W.D. Mo.

16   Nov. 13, 2009) (holding "miscellaneous out-of-pocket expenses for postage fees, credit

17   monitoring, printing and copying costs, mileage expended in disputing the errors in [the] credit

18   report . . . time spent reviewing credit reports, researching those reports, making phone calls,

19   lodging disputes, and sending letters and faxes" are not recoverable); *Reed v. Experian Info.*

20   *Solutions, Inc.*, 321 F. Supp. 2d 1109, 1115 (D. Minn. 2004) ("[p]re-litigation attorneys' fees are

21   not the sort of harm contemplated by the statute"); *Eller v. Experian Info. Solutions, Inc.*, 2011

22   U.S. Dist. LEXIS 85858, at *34-35 (D. Colo. May 17, 2011); *Jordan v. Equifax Info. Servs.*, 410

23   F. Supp. 2d 1349, 1356 n.8 (N.D. Ga. 2006).  Indeed, a CRA's duty to reinvestigate an account is

24   triggered by receipt of a dispute from a consumer.  Any purported breach of that duty cannot

25   ───────────────

26        [5] Moreover, negative consequences from *accurate* credit reporting and time spent
     reviewing *accurate* consumer disclosures are not "damages" contemplated by the FCRA.  *See*
     *generally Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1550 (2016) ("Congress plainly sought to curb
27   the dissemination of *false* information [in the FCRA].") (emphasis added).

28        [6] At a minimum, Plaintiff should be required to allege, based on non-conclusory facts, that
     none of her own post-confirmation conduct could have caused her lower credit scores.

EXPERIAN'S NOTICE OF MOTION AND
MOTION TO DISMISS
Case No. 4:16-CV-06346-SBA

occur until after Plaintiff submitted the dispute and incurred whatever out-of-pocket costs were necessary to do so.

## IV.   Plaintiff's Allegations About Experian's Actions Are Wholly Conclusory

As discussed above, Plaintiff conclusorily alleges that Experian did not "send all relevant information via an ACDV to [the furnishers]," but she does not identify any relevant information that Experian purportedly failed to send or allege any other facts to support this contention. Compl. ¶ 134.  On the contrary, the Complaint acknowledges that "each CRA received Plaintiff's dispute letter and in response sent Plaintiff's dispute to each DF via an ACDV."[7]  *Id.* ¶ 115.

Similarly, Plaintiff conclusorily alleges that Experian's reinvestigation of her dispute was not reasonable (Compl. ¶¶ 132-147), but she alleges no facts regarding what actions Experian did or did not take.  *Id.*  In *Orozco v. Experian Info. Solutions*, 2012 WL 2799681, at *5 (E.D. Cal. July 9, 2012), the Court held that allegations that CRAs failed to "reinvestigate" properly were "simply bare conclusory allegations and, as such, are insufficient to put either the CRAs, or the Court, on notice of Plaintiffs' claims."  *See also, e.g.*, *Iyigun v. Cavalry Portfolio Servs., LLC*, 2013 WL 950947, at *2 (C.D. Cal. Mar. 12, 2013) ("The SAC does not include any allegations as to the impropriety of [the defendant's] investigation or any factual basis for a contention that the investigation was defective."); *Leff v. Bank of New York Mellon*, 2015 WL 8664249, at *3 (D. Nev. Dec. 11, 2015) (dismissing complaint that raised only conclusory allegations that FCRA reinvestigation was unreasonable); *O'Connor v. Capital One, N.A.*, 2014 WL 2215965, at *7 (N.D. Cal. May 29, 2014) (dismissing complaint when plaintiff failed to offer any factual allegations supporting contention that investigation of disputed account was unreasonable).

Finally, Plaintiff's allegation that "any basic investigation would have uncovered that certain [data furnishers] were not following credit reporting industry standards" (Compl. ¶ 142) provides no basis to plausibly infer that Experian's reinvestigation was unreasonable.  Plaintiff does not identify the industry standards, data furnishers, or accounts to which this allegation

---

[7] *See also Blake v. Irwin Mortgage*, 2011 WL 98538, at *2 (D. Ariz. Jan. 12, 2011) ("[A]lternative claims must be supported by sufficient alternative factual pleadings to make them plausible.").

1    refers.  Presumably, she is referring to the CDIA standards suggesting that data furnishers report a

2    debt subject Chapter 13 proceedings in accordance with the terms of the bankruptcy payment

3    plan.  As shown above, however, Plaintiff does not allege that Experian reported the specific

4    accounts at issue (as opposed to another CRA), and, in any event, courts repeatedly have held that

5    the CDIA standards are not mandatory and it is accurate to continue reporting the full underlying

6    debt during Chapter 13 proceedings.

7    **V.     The Court Should Dismiss the Complaint Without Leave to Amend**

8          "[W]here amendment would be an exercise in futility or where the amended complaint

9    would also be subject to dismissal," courts dismiss with prejudice.  *Denison v. Citifinancial*

10   *Servicing LLC*, 2016 WL 3443380, at *1 (N.D. Cal. June 23, 2016) (dismissing FCRA

11   investigation claim with prejudice).  In dozens of nearly identical cases in this district, Plaintiff's

12   counsel has filed amended complaints that fail to correct any of the foregoing deficiencies.[8]  Any

13   amendment in this case would be similarly futile, and Plaintiff's Complaint therefore should be

14   dismissed without leave to amend.  *See Metzler Inv. GMBH v. Corinthian Colleges, Inc.*, 540

15   F.3d 1049, 1072 (9th Cir. 2008) ("the district court's discretion to deny leave to amend is

16   particularly broad where plaintiff has previously amended the complaint," and where deficiencies

17   persisted in prior iterations).

18         If, however, the Court is inclined to permit some form of amendment, Plaintiff should be

19   required to file a motion for leave to amend and a proposed Amended Complaint to proffer how

20   any proposed amendment could cure the deficiencies in her Complaint.  The Court's and

21   Defendants' resources should not be expended on another round of motions unless Plaintiff can

22   plausibly show that additional amendments would not be futile.

23         For these reasons, Experian respectfully requests that the Court grant the instant motion

24

25         [8]Plaintiff's counsel has filed amended complaints in over thirty cases that are almost
     paragraph-by-paragraph identical to the Complaint filed in this case.  *See, e.g.*, *Deeg v. Experian*,
     No. 5:16-cv-04625 (N.D. Cal. Aug. 12, 2016); *Cole v. Experian*, No. 5:16-cv-04659 (N.D. Cal.
26   Aug. 12, 2016); *Mera v. Experian*, No. 5:16-cv-04667 (N.D. Cal. Aug. 12, 2016); *Conrad v.
     Experian*, No. 5:16-cv-04660 (N.D. Cal. Aug. 12, 2016); *Concepcion v. Experian*, No. 5:16-cv-
27   04662 (N.D. Cal. Aug. 12, 2016); *Becker v. Experian*, No. 5:16-cv-04620 (N.D. Cal. Aug. 12,
     2016); *Lengyel v. Experian*, No. 5:16-cv-04645 (N.D. Cal. Aug. 12, 2016); *Connors v. Experian*,
28   No. 5:16-cv-04663 (N.D. Cal. Aug. 12, 2016).

1   without leave to amend.

2   Dated:  February 1, 2017                    Respectfully submitted

3

4                                              By: _/s/ Greg S. Martin_____
                                                   Greg S. Martin
5

6                                              Attorneys For Defendant
                                               EXPERIAN INFORMATION SOLUTIONS,
7                                              INC.

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## CERTIFICATE OF SERVICE

I, Greg S. Martin, declare:

I am a citizen of the United States and employed in San Diego County, California.  I am over the age of eighteen years and not a party to the within-entitled action.  My business address is 12265 El Camino Real, Ste 300, San Diego, California 92130.  On February 1, 2017, I served a copy of the **EXPERIAN INFORMATION SOLUTIONS, INC.'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S COMPLAINT** by electronic transmission.

I am familiar with the United Stated District Court for the Northern District of California's practice for collecting and processing electronic filings with the court.  The court's CM/ECF system will generate a Notice of Electronic Filing (NEF) to the filing party, the assigned judge, and any registered users in the case.  The NEF will constitute service of the document.  Registration as a CM/ECF user constitutes consent to electronic service through the court's transmission facilities.  Under said practice, the following CM/ECF users were served:

Elliot Wayne Gale
Scott Joseph Sagaria
Joe B. Angelo
Scott Matthew Johnson
SAGARIA LAW, P.C.
Email: egale@sagarialaw.com
jangelo@sagarialaw.com
sjs@sagarialaw.com
sjohnson@sagarialaw.com
*Attorneys for Plaintiff*

Executed on February 1, 2017, at San Diego, California.

*/s/ Greg S. Martin*
Greg S. Martin
gmartin@jonesday.com

EXPERIAN'S NOTICE OF MOTION AND
MOTION TO DISMISS
Case No. 4:16-CV-06346-SBA